```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/14/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

BERNARDO VALENTINI and WINDSOR
INTERNATIONAL CO., f/k/a WINDSOR
INTERNATIONAL INVESTMENT CORP.,

        Plaintiffs,

    v.

CITIGROUP, INC., CITIGROUP GLOBAL
MARKETS, INC., CITICORP FINANCIAL
SERVICES CORPORATION, k/n/a CITI
INTERNATIONAL FINANCIAL SERVICES, LLC,
CITIBANK, N.A., and CITI PRIVATE BANK,

        Defendants.

------------------------------------------------------------- x

: Civil Action Docket
: No. 11-CV-1355 (JMF)

   This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. Settlement discussions have not taken place.

3. The parties have conferred pursuant to Fed. R. Civ. P. 26(f).

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order.

5. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) were completed on June 15, 2012.

6. Discovery

  a. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

  b. All fact discovery shall be completed no later than December 16, 2013. There are unique complexities in this case warranting this discovery deadline because many

1

        of the documents and witnesses relevant to this litigation are located in Brazil. To obtain documents from non-parties in Brazil, the parties must proceed through letters rogatory -- a time consuming process which may take a year or more to complete. Additionally, because U.S. style depositions are not permitted under Brazilian law, the process of obtaining testimony of witnesses in Brazil will be complex and more time consuming than in a standard litigation. Unlike a standard litigation, moreover, many of the documents here are in Portuguese, requiring translation and agreement between the parties on translation protocols.

    c. All expert discovery, including reports, production of underlying documents, and depositions, shall be completed in accordance with the parties' agreement pursuant to paragraph 7(f) herein.

7. Interim Discovery Deadlines

    a. Initial requests for production of documents shall be served by December 17, 2012.

    b. Interrogatories shall be served by January 15, 2013.

    c. Depositions of fact witnesses shall be completed by December 16, 2013.

        i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

        ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant. The parties agree that non-party depositions may precede initial party depositions.

    d. Requests to admit shall be served by January 15, 2014.

    e. Any of the deadlines in paragraphs 7(a) through 7(d) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 6(b).

    f. No later than thirty (30) days prior to the date in paragraph 6(b) *(i.e.*, the completion of all fact discovery), the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 6(c).

8. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules and Practices (available at http://nysd.uscourts.gov/judge/Furman).

9. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may submit a letter to the Court, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Such a letter *must* include a representation that the meet-and-confer process occurred and was unsuccessful. If the opposing party wishes to respond to the letter, it must submit a responsive letter, not to exceed three pages, within three business days. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.

10. All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

11. Alternative dispute resolution/settlement

   a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

   No settlement discussions have taken place between the parties and the parties have not exchanged any information in aid of early settlement.

   b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

   The parties have discussed and agreed to a settlement conference before a Magistrate Judge.

   c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 11(b) be employed at the following point in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

   The parties believe that document discovery and depositions of key witnesses need to occur before meaningful settlement negotiations take place.

   d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

12. Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case. Summary judgment motions, if applicable, and any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the

*Daubert v. Merill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, are to be filed within thirty (30) days of the close of fact or expert discovery (whichever is later). Unless otherwise ordered by the Court, opposition to any such motion is to be filed two (2) weeks after the motion is served on the opposing party, and a reply, if any, is to be filed one (1) week after service of any opposition.

13. Unless otherwise ordered by the Court, within thirty (30) days of the close of all discovery, or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). The parties shall also follow Paragraph 5 of the Court's Individual Rules and Practices, which identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions in limine.

14. If this action is to be tried before a jury, joint requests to charge, joint proposed verdict forms, and joint proposed voir dire questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices.

15. Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial two weeks after the Joint Pretrial Order is filed.

16. This case [is _____ / is not _____ ] to be tried to a jury:

    There are jury waivers contained in several agreements between the parties and the parties are discussing whether this case can be tried before a jury.

17. Counsel for the parties have conferred and the present best estimate of the length of trial is five (5) to seven (7) days.

18. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

    To be included in the parties' separate Rule 26(f) Stipulation and Proposed Order Regarding Discovery Protocols.

4

Counsel for the Parties:

LOUIS F. BURKE, P.C.

_____
Leslie Wybiral
Louis F. Burke
460 Park Avenue, 21st Floor
New York, New York 10022
212-682-1700 (telephone)
212-808-4280 (facsimile)
lburke@lfblaw.com
lwybiral@lfblaw.com

*Attorneys for Plaintiffs Bernardo Valentini and Windsor International Co.*

FRESHFIELDS BRUCKHAUS DERINGER US LLP

Dana Post
_____
Marshall H. Fishman
Dana Post
Samuel J. Rubin
601 Lexington Avenue
New York, New York 10022
212-277-4000 (telephone)
212-277-4001 (facsimile)
marshall.fishman@freshfields.com
dana.post@freshfields.com
samuel.rubin@freshfields.com

*Attorneys for Defendants Citicorp Financial Services Corporation, k/n/a Citi International Financial Services, LLC, Citibank, N.A., and Citi Private Bank*

**TO BE FILLED IN BY THE COURT IF APPLICABLE:**

_____ shall file a motion for _____ no later than _____. Any opposition is due _____ weeks after the filing of the motion. Any reply is due _____ week(s) after the filing of the opposition. At the time any reply is due, the moving party shall supply one courtesy hard copy of all motion papers by mail or hand delivery to the Court. JMF

The parties must contact the chambers of the Magistrate Judge designated to this case on or before _____ in order to schedule settlement discussions under his/her supervision in or about _____. JMF

The next pretrial conference is scheduled for **April 22, 2013** at **3:30 pm**.

5

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein (except as provided in paragraph 8(e)) shall be made in a written application in accordance with Court's Individual Rules and Practices and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended. Absent exceptional circumstances, extensions will not be granted after deadlines have already passed.

SO ORDERED.

JESSE M. FURMAN
United States District Judge

Dated: **November 14, 2012**
New York, New York