UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

BERNARDO VALENTINI and WINDSOR : 
INTERNATIONAL INVESTMENT CO., f/k/a : 
WINDSOR INTERNATIONAL INVESTMENT : 
CORP., : 
 : Civil Action Docket
                Plaintiffs, : No. 11-CV-1355 (JMF)
 : 
                   v. : 
 : 
CITIGROUP, INC., CITIGROUP GLOBAL : 
MARKETS, INC., CITICORP FINANCIAL : 
SERVICES CORPORATION, k/n/a CITI : 
INTERNATIONAL FINANCIAL SERVICES, LLC, : 
CITIBANK, N.A., and CITI PRIVATE BANK, : 
 : 
                Defendants. : 
 : 
------------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR LEAVE TO AMEND THE ANSWER**

FRESHFIELDS BRUCKHAUS DERINGER US LLP

Marshall H. Fishman
Dana L. Post
Samuel J. Rubin
601 Lexington Avenue
New York, New York 10022

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND .................................................................................................................. 2

    A.  The Complaint And Answer ................................................................................ 2

    B.  Windsor Was Struck-Off The Bahamian Register In January 2011 Prior To The Commencement Of This Lawsuit ........................................................................ 3

    C.  The Amended Answer ......................................................................................... 4

ARGUMENT ........................................................................................................................ 4

    A.  Leave To Amend The Answer, Which Should Be "Freely Given," Is Warranted .......... 4

CONCLUSION ..................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Block v. First Blood Assocs.*,
  988 F.2d 344 (2d Cir. 1993) ................................................................................................... 5

*Grant v. Citibank (South Dakota), N.A.*,
  No. 10 Civ. 2955(KNF), 2010 WL 5187754 (S.D.N.Y. Dec. 6, 2010) ................................... 4

*United Indus. Corp. v. IFTE*,
  293 F. Supp. 2d 296 (S.D.N.Y. 2003) ..................................................................................... 5

*Weisman Celler Spett & Modlin, P.C. v. Trans-Lux Corp.*,
  No 12 Civ. 5141 (JMF), 2013 WL 2190071 (S.D.N.Y. May 21, 2013) .................................. 4

STATUTES

Bahamian International Business Companies Act of 2000 § 167(1)(a)-(c) .............................. 3, 4

OTHER AUTHORITIES

Fed. R. Civ. P. 15 ........................................................................................................................ 1, 4

Fed. R. Civ. P. 17 ........................................................................................................................... 1

Defendants Citicorp Financial Services ("CFSC"), Citibank, N.A. ("Citibank"), and Citi Private Bank (collectively, "Defendants") respectfully submit this Memorandum of Law in support of Defendants' motion pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure for leave to amend their Answer (Dkt. No. 29) (the "Answer") to include an affirmative defense regarding Windsor International Investment Co.'s ("Windsor") lack of standing and capacity to maintain this suit and a counterclaim for indemnification against Windsor.

## PRELIMINARY STATEMENT

At the June 13, 2013 conference before the Court, Plaintiffs' counsel disclosed for the first time that it had not obtained or produced Windsor's files because "the trust was revoked," thereby implying that Windsor no longer existed. That revelation prompted Defendants to retain Bahamian counsel to further investigate Windsor's legal status. Defendants have learned that, notwithstanding the Complaint's allegations that Windsor is a Bahamian entity (Compl. ¶ 2), Windsor had been "struck-off" the Bahamian Register of International Business Companies (the "Register") on January 1, 2011, a month prior to filing this lawsuit. Windsor thus had no standing or capacity to have commenced this action pursuant to Fed. R. Civ. P. 17(a) which governs capacity.

Windsor's legal status raises critical questions about Windsor's ability to maintain this lawsuit and satisfy its contractual indemnification obligations to Defendants for legal fees and expenses arising out of this lawsuit. In light of these concerns, Defendants respectfully request leave to amend the Answer under Federal Rule 15(a)(2) to include: (i) an affirmative defense that Windsor lacks capacity and standing to maintain this lawsuit; and (ii) insofar as Windsor exists, a counterclaim for indemnification against Windsor for legal fees and expenses which

have accrued, and continue to accrue, in this lawsuit and with respect to which Windsor is contractually obligated to Defendants.[1]

## BACKGROUND

### A. THE COMPLAINT AND ANSWER

Plaintiffs Bernardo Valentini ("Valentini") and Windsor filed the Complaint on February 28, 2011, alleging misrepresentations made in connection with their purchase of structured notes from CFSC and Citi Private Bank, respectively (the "Notes"). The Complaint alleges that Windsor was formed under the laws of the Commonwealth of the Bahamas. (Compl. ¶ 2). Prior to purchasing the Notes, Windsor executed a Structured Notes Master Agreement ("SNMA") which obligated Windsor to indemnify Defendants:

> to the fullest extent permitted by law, from and against any loss, liability, cost, claim, action, demand or defense (including, but not limited to, all reasonable costs, charges and expenses paid or incurred in disputing or defending any of the foregoing) which [Defendants] may incur or which may be made against them by [Windsor], or any breach of the client's representations, warranties and obligations under this Master Agreement.

(*See* Declaration of Dana L. Post, dated July 9, 2013 ("Post Decl."), Ex. A at 6).

To that end, Defendants' Answer included as an Eleventh Affirmative Defense that "[u]nder the Structured Notes Master Agreement dated July 20, 2007, Defendants are entitled to be indemnified for all losses, costs, charges, and expenses incurred in this lawsuit." (Dkt. No. 29).

---

[1]  In requesting such relief, Defendants are cognizant of the Court's Scheduling Orders in this matter, including the Revised Civil Case Management Plan and Scheduling Order dated April 30, 2013. Defendants have not previously requested modifications to any scheduling orders issued by this Court.

**B. WINDSOR WAS STRUCK-OFF THE BAHAMIAN REGISTER IN JANUARY 2011 PRIOR TO THE COMMENCEMENT OF THIS LAWSUIT**

At the June 13, 2013 hearing before this Court which addressed Plaintiffs' discovery deficiencies, Plaintiffs' counsel disclosed — for the first time — that the reason no documents had been produced by Windsor was because "the trust was revoked" and "they no longer have control over those documents." (Post Decl. Ex. B, at 11:15-12:1).[2] These statements prompted Defendants to investigate the legal status of Windsor under Bahamian law.

Defendants learned from Bahamian counsel that Windsor, which was formed as an International Business Company under Bahamian law in April 2007, had been struck-off the Register in the Bahamas in January 2011.[3] *See* accompanying Declaration of Lourey Smith dated July 5, 2013 ("Smith Decl.") (Smith Decl. ¶ 2). Under Section 167(1)(a) of the Bahamian International Business Companies Act of 2000 (the "Act"), once a company has been struck-off the Register it may not legally commence or defend any legal proceedings. Specifically, the Act provides, in pertinent part:

> Where the name of a company has been struck-off the Register, the company and the directors, members, liquidators and receivers thereof, may not legally — (a) commence legal proceedings, carry on any business or in any way deal with the assets of the company; (b) defend any legal proceedings, make any claim or claim any right for, or in the name of the company; (c) or act in any way with respect to the affairs of the company.

---

[2]  Counsel also stated at that conference that the administrator for Windsor (Santander Bank & Trust) "won't even talk to us." (Post Decl. Ex. B, at 11:18-19).

[3]  In contrast to these findings, Plaintiffs have led Defendants to believe throughout these proceedings that Windsor still existed through, among other things, a Federal Rule 7.1 disclosure statement and discovery responses filed on behalf of Windsor.

(Smith Decl. ¶ 3, Ex. 2, at § 167(1)(a)-(c)). Accordingly, because the Complaint was filed on February 28, 2011 after Windsor had been struck off the Bahamian Register, Windsor lacked standing and capacity to commence this action. (*See* Smith Decl. ¶ 3).[4]

C. THE AMENDED ANSWER

Defendants seek to add the affirmative defense of lack of standing and capacity as their Nineteenth Affirmative Defense. Although Windsor's agreement to indemnify Defendants under the SNMA has already been pleaded as an affirmative defense (Answer, Eleventh Affirmative Defense) Defendants seek leave to add Windsor's indemnity obligation under the SNMA as a counterclaim. Defendants' proposed Amended Answer and Counterclaim is annexed as Exhibit C to the Post Decl.

## ARGUMENT

A. LEAVE TO AMEND THE ANSWER, WHICH SHOULD BE "FREELY GIVEN," IS WARRANTED

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the court's leave, which the court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has held that a "Rule 15(a) motion should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Weisman Celler Spett & Modlin, P.C. v. Trans-Lux Corp.*, No 12 Civ. 5141 (JMF), 2013 WL 2190071, at *1 (S.D.N.Y. May 21, 2013) (quoting *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603-04 (2d Cir. 2005) (internal quotations and alterations omitted)). Plaintiffs, as the non-moving parties, "bear[] the burden of showing prejudice, bad faith and futility of the amendment." *Grant v. Citibank (South Dakota),*

---

[4] While Valentini may have reconstituted Windsor in Panama, given the dearth of documents produced, the Complaint's allegations that Windsor is a Bahamian entity, and the fact that the "trust was revoked," it is appropriate to amend to add lack of capacity and lack of standing as affirmative defenses.

*N.A.*, No. 10 Civ. 2955(KNF), 2010 WL 5187754, at *6 (S.D.N.Y. Dec. 6, 2010) (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).

The Court's November 14, 2012 Scheduling Order required amendment to pleadings within 30 days from the date of that Order.  Plaintiffs, however, cannot claim prejudice since they knew all along of Windsor's status or lack thereof under Bahamian law.

As concerns the counterclaim, Defendants already have raised Windsor's liability for indemnification under the SNMA in the Eleventh Affirmative Defense.  After the June 13 conference, and in conjunction with Defendants' separate motion for sanctions and for security for costs, Defendants have reexamined Windsor's liability and have determined that such liability — which is on ongoing obligation under the SNMA —  is appropriate for a counterclaim, in addition to the affirmative defense already pleaded.  If Windsor's claims are permitted to continue, Windsor will have ample opportunity to defend itself as depositions have not commenced, the discovery cut-off is not until December 16, 2013 and, in any event, the counterclaim will involve no additional discovery because the SNMA is already in issue.  *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (directing courts to determine "prejudice" based on whether the new claim would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute"); *United Indus. Corp. v. IFTE plc*, 293 F. Supp. 2d 296, 302 (S.D.N.Y. 2003) (no need for additional discovery with respect to defendant's proposed counterclaim for indemnification).

## CONCLUSION

In view of the foregoing, it is respectfully requested that the Court grant Defendants leave to amend the Answer to include the affirmative defense of Windsor's lack of standing and

capacity and the counterclaim for indemnification, together with such other relief that the Court deems just and proper.

Dated:   New York, New York
         July 9, 2013

                FRESHFIELDS BRUCKHAUS DERINGER
                US LLP

        By:    /s/ Marshall H. Fishman

                Marshall H. Fishman
                Dana L Post
                Samuel J. Rubin
                601 Lexington Avenue, 31 Floor
                New York, New York 10022
                212-277-4000
                marshall.fishman@freshfields.com
                dana.post@freshfields.com
                samuel.rubin@freshfields.com

*Attorneys for Defendants Citicorp Financial Services Corporation, k/n/a Citi International Financial Services, LLC, Citibank, N.A., and Citi Private Bank*