**LOUIS F. BURKE P.C.**
ATTORNEYS AT LAW
**460 Park Avenue**
**21st Floor**
**New York, New York 10022**

**Telephone: (212) 682-1700**
**Facsimile: (212) 808-4280**
**E-Mail: lwybiral@lfblaw.com**

November 13, 2013

Hon. Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *Valentini v. Citigroup, Inc. et al.*
              USDC – SDNY; Index No. 11-CV-1355 (JMF)

Dear Judge Furman:

    We represent Plaintiffs in the above-captioned litigation and write in response to defendants' counsel's letter to the Court dated November 7, 2013. Our co-counsel, Quinn Smith, discussed the contents of the letter with Mr. Valentini and informs us that defendants' allegations about Mr. Valentini's financial condition and his ability to pay the court-ordered discovery sanction are misleading in the following ways.

    Without dispute, Windsor International Business Corp. ("Windsor") has no more assets. The defendants' actions which form the basis of the complaint in this case resulted in the complete liquidation of Windsor's assets. Defendants are also well aware of the true state of Mr. Valentini's individual financial position. Mr. Valentini testified during his deposition that he closed his account with Banco Votorantim in order to meet the capital requirements of B. Valentini e Cia, a holding company in which Mr. Valentini owns a participation. Mr. Valentini also testified that he closed his other investment account at Bradesco Bank and used that money to meet capital requirements with B. Valentini e Cia. [Ex. 1 at 733:11-737:18.] These actions occurred long before the sanctions hearing and issuance of the subsequent orders. Mr. Valentini made no attempt to conceal this information from the defendants or the Court.

## Louis F. Burke, PC

Hon. Jesse M. Furman
November 13, 2013
Page 2

      Mr. Valentini's assets consist of his house and his participation in B. Valentini e Cia, and neither of those assets can be liquidated to satisfy the court-ordered sanction in this case. Brazilian law has determined that an individual's residence is exempt from creditor attachment, similar to the law in some states in the United States. The terms of the bylaws of B. Valentini e Cia also limit Mr. Valentini's rights to liquidate his participation. In other words, Mr. Valentini does not have the assets available at this time to satisfy the Court's sanctions order.

                                          Respectfully submitted,

                                          */s/Leslie Wybiral*

cc:     All Counsel of Record (via ECF)